**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 19, 2012

Lyle W. Cayce
Clerk

No. 10-50863

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTHA ALICIA GARNICA,
also known as Martha Sanchez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3071-1

Before JONES, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.
EDITH H. JONES, Chief Judge:[*]

Defendant-Appellant Martha Garnica ("Garnica"), former United States Customs and Border Protection officer, pled guilty to various crimes she committed in an official capacity. She appeals her cumulative 240-month sentence, asking this court to vacate and remand because it is substantively unreasonable. For the reasons below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50863

## BACKGROUND

Garnica pled guilty to conspiring to import 100 kilograms or more of marijuana (Count One), conspiring to induce an undocumented alien to enter the United States (Count Two), bribing a public official (Counts Three, Four, and Six), and importation of marijuana (Count Five).  In accordance with the guidelines found in U.S.S.G. § 3D1.2(b) and (d), the probation officer determined that Counts One and Five were to be grouped together; Counts Three, Four, and Six were to be grouped together; and Count Two was to be treated separately. The Probation office applied the guidelines to these groups, in tandem with the statutory sentencing parameters, to yield a recommended combined sentence range of 108-135 months for the groups of offenses.  We need not dwell on the precise calculations or the specific objections raised by Garnica that are not pursued on appeal.

The government filed a motion requesting the court to impose non-guidelines consecutive sentences on the three groups and explaining that consecutive sentences were reasonable considering the factors listed in 18 U.S.C. § 3553(a).

Garnica, for her part, moved for a downward departure and/or variance. In a sentencing memorandum, she contended that consecutive sentences would not serve the ends of justice and that concurrent sentences, as recommended by the Pre-Sentence Report ("PSR"), would achieve the sentencing goals set forth in § 3553.  She further argued that her personal circumstances warranted a sentence lasting between 63 and 78 months.  She had no previous criminal convictions; she was a single mother raising two children; she had been  a law enforcement officer for approximately 20 years; she was suffering from injuries that occurred while she was employed as a law enforcement officer; she used Vicodin daily for more than 13 years; she was abused by her father; and she had volatile relationships with other men in her life.

2

No. 10-50863

At sentencing, Garnica objected unsuccessfully to the paragraphs in the PSR that stated that she was the subject of prior corruption investigations. The parties' respective positions on consecutive sentences and downward departure were voiced to the court. The district court noted that it had reviewed Garnica's sentencing memorandum and that the Government responded very strongly. The district court ultimately ruled that there would be no downward variance or departure. Garnica was sentenced to 120 months for Counts One, Three, Four, and Six, to be served concurrently; 120 months for Count Two, to be served consecutively with Counts One, Three, Four, and Five; and 60 months for Count Five, to be served concurrently. The total sentence was 240 months imprisonment (plus concurrent terms of supervised release). Garnica filed a timely notice of appeal.

## DISCUSSION

Garnica argues only that her sentence is greater than necessary to advance the sentencing goals set forth in § 3553(a). She contends that the district court failed properly to  balance the seriousness of her offense and the need to promote respect for the law against its duty to provide just punishment in view of her history and characteristics, as well as the nature and circumstances of her offense. This court reviews for abuse of discretion claims that a sentence is substantively unreasonable. *United States v. Cisneros-Guitierrez*, 517 F.3d 751, 764 (5th Cir. 2008).[1]

Garnica here repeats her personal history and characteristics, already noted above, that  militate in favor of a reduced sentence. She claims that her injuries led to chronic pain and Vicodin addiction. She argues that the likelihood

---

[1] Garnica did not argue in the trial court or in this court that the district court procedurally violated U.S.S.G. § 5G1.2 or 18 U.S.C. § 3584 by imposing consecutive sentences. We do not consider any such argument because her failure to adequately brief an issue on appeal constitutes waiver of that argument. *United States v. James*, 214 F.3d 608, 612 n.3 (5th Cir. 2000).

No. 10-50863

she will re-offend is low, given that her conviction prevents her from working in law enforcement in the future and taking advantage of her unique position as a border officer.

We are unpersuaded that the court sentenced her unreasonably to 240 months in prison. Despite Garnica's arguments, the record amply supports the court's decision. The district court was well aware of Garnica's personal history and characteristics and the seriousness and circumstances of her offenses. The PSR reported the facts that Garnica now presents on appeal, and the district court took note of its contents. Further, the judge invited Garnica's counsel to provide additional support for her motion for a downward departure. The judge afforded both sides unlimited opportunity to argue their positions orally before he passed sentence.

The court reasonably concluded that Garnica's egregious and repeated criminal conduct while employed as a U.S. Customs and Border Protection Officer made consecutive sentences appropriate. Consecutive sentences for corrupt border officers are not unprecedented. *See United States v. Arzate*, 335 F. App'x 363 (5th Cir. 2009) (unpublished) (affirming 660-month sentence). Criminal conduct by a law enforcement agent that is facilitated by the agent's unique position of public trust is especially serious; imposing severe punishment to deter others and to promote respect for the law is essential. These guiding principles are enhanced when the offending officer is a border agent entrusted not only with law enforcement but also with national security responsibility. The sensitivity of Garnica's dual role was emphasized by the government during sentencing.

Finally, the PSR, which the district court adopted, indicates that Garnica's charged criminal behavior was likely neither isolated nor merely recent. Prior to her federal law enforcement career, Garnica was employed as a police officer with the El Paso Police Department, during which time she was associating with

and suspected of collaborating with suspected drug traffickers and money launderers. She was also suspected of being involved in a marijuana smuggling attempt at the Bridge of the Americas Port of Entry and was the subject of several FBI investigations during her tenure as a border officer. The PSR notes that "Garnica was directly involved with the planning and coordination of a reasonably foreseeable quantity of contraband" and "was clearly involved with the trafficking of additional narcotic loads." She apparently profited handsomely from corruption and directed others in illegal acts. Taken in totality, Garnica's circumstances support the reasonableness of her consecutive sentences.

The district court's sentence is **AFFIRMED**.